# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| SAUL LARA-PEREZ, <br><br> Petitioner, <br><br> v. <br><br> A. NEIL CLARK, Field Office Director, U.S. Immigration and Customs Enforcement, <br><br> Respondent. | NO. C09-1696-RAJ-JPD <br><br> REPORT AND RECOMMENDATION |

On November 30, 2009, petitioner Saul Lara-Perez submitted to this Court for review a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. No. 6.) He requests that this Court order his release from custody on conditions or reasonable bond, arguing that "such custody violates the due process rights of the Petitioner." (Dkt. No. 6 at 1.) Petitioner also submitted a motion to enjoin the U.S. Department of Homeland Security ("DHS") from further detaining him. (Dkt. No. 11.) On January 30, 2010, respondent filed a Return and Motion to Dismiss which is noted for consideration on February 26, 2010. (Dkt. No. 13.) Petitioner did not file any response.

On February 26, 2010, however, respondent submitted a reply brief and documentation indicating that petitioner was removed from the United States to Mexico on January 30, 2010,

REPORT AND RECOMMENDATION - 1

and is no longer in immigration custody. (Dkt. No. 15, Ex. A.) Respondent asserts that because petitioner has been accorded all of the relief sought in his habeas petition – release from immigration custody – his petition for writ of habeas corpus is now moot and should be dismissed. *Id*. Respondent notes that on February 8, 2010, petitioner attempted to reenter the United States at the San Ysidro Port of Entry using fraudulent documents and was arrested and is detained at the San Diego Metropolitan Correctional Center pending charges of violation of 8 U.S.C. § 1326. *Id*. Respondent avers that petitioner is not in immigration custody at this time and that his habeas petition remains moot and should be dismissed. *Id*.

For a federal court to have jurisdiction, "an actual controversy must exist at all stages of the litigation." *Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1173 (9th Cir. 2002). "When a controversy no longer exists, the case is moot." *Id*. Because petitioner is no longer detained by ICE, his petition for writ of habeas corpus seeking release from immigration detention has become moot and should be dismissed. *See Abdala v. I.N.S.,* 488 F.3d 1061, 1065 (9th Cir. 2007); *see also Cooney v. Edwards*, 971 F.2d 345, 346 (9th Cir. 1992) (holding that the District Court properly dismissed plaintiff's claims that had become either moot or unripe). Accordingly, I recommend that this action be dismissed as moot. A proposed Order accompanies this Report and Recommendation.

DATED this 4th day of March, 2010.

*James P. Donohue*
───────────────────
JAMES P. DONOHUE
United States Magistrate Judge